UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

JUDY B. COLMAN AND
HADLEY COLMAN,
    Plaintiffs,

v.

DAVID P. FAUCHER in his capacity as
FINANCE/PERSONNEL DIRECTOR
of the TOWN OF PORTSMOUTH, TOWN OF
PORTSMOUTH, MICHAEL LUNNEY in his
Professional and Personal Capacities, and
MICHAEL BORROSH in his
Professional and Personal Capacities,
    Defendants.

C.A. No. 12-681

## MEMORANDUM AND ORDER

JOHN J. MCCONNELL, JR., United States District Judge

This matter is before the Court on Plaintiffs' Motion for Leave to File an Amended Complaint pursuant to Fed.R.Civ.P. 15(a). (ECF No. 12.) Defendants[1] object to the motion. (ECF No. 14.) For the reasons discussed below, Plaintiffs' Motion for Leave to File an Amended Complaint is DENIED.

**Background**

Plaintiffs, Judy B. Colman and her daughter Hadley Colman ("the Colmans"), filed their original complaint in Rhode Island Superior Court on August 31, 2012. The complaint alleged discrimination and retaliation under the Rhode Island Civil Rights Act (Judy and Hadley Colman), discrimination under the Rhode Island Fair Employment Practices Act (Judy Colman),

---

[1] Defendants are: David Faucher in his capacity as Finance/Personal Director of the Town of Portsmouth, Town of Portsmouth, Michael Lunney in his professional and personal capacities, and Michael Borrosh in his professional and personal capacities ("the Town Defendants").

and violation of 20 U.S.C. § 1681 ("Title IX") (Hadley Colman). In essence, the complaint alleged that the Town Defendants violated Judy Colman's rights when, in 2010, Portsmouth High School hired a male as head coach of the girls' lacrosse team instead of Ms. Coleman. The Defendants removed the case to this Court on September 27, 2012. (ECF No. 1.) After three extensions of time, discovery was scheduled to conclude on March 22, 2014.

The Court held a conference in chambers on January 8, 2014 after the Colmans notified the Town Defendants of their intention to seek leave to amend the complaint. This Court temporarily stayed discovery and instructed the Colmans to file expeditiously a motion for leave and to submit the proposed amended complaint with supporting memorandum. The Colmans submitted the requested documents on April 21, 2014. (ECF No. 12.)

According to the Colmans, the amended complaint merely seeks to add supporting factual allegations "to clarify the basis for the Colmans' claims under Title IX" and to "make[] explicit what has been explicitly and implicitly understood by all parties throughout the course of discovery: that the Colmans' Title IX claim contests the Portsmouth High School's practice of disadvantaging female students with its discriminatory hiring of male coaches over female coaches by a three-to-one ratio." (ECF No. 12 at 1.)

The Colmans' original Count V is completely devoid of any facts or law sufficient to allege a Title IX violation. It appears in its entirety as follows:

### "Count V – Title IX (20 U.S.C. § 1681)

### (Hadley Colman)

191. Plaintiffs hereby repeat and incorporate by reference all allegations above and below as if restated here in full.

192. PHS is a recipient of federal funds."

(ECF No. 1 at 21.)

**Analysis**

Because more than twenty-one days have passed since the original complaint was filed, the Colmans may now amend "only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Fed.R.Civ.P. 15(a). That does not mean, however, that the "trial court must mindlessly grant every request for leave to amend." *Nikitine v. Wilmington Trust Co.*, 715 F.3d 388, 390 (1st Cir. 2013) (citing *Aponte-Torres v. Univ. of P.R.*, 445 F.3d 50, 58 (1st Cir. 2006)). "Among the adequate reasons for denying leave to amend are 'undue delay' in the filing of the motion and 'undue prejudice to the opposing party by virtue of allowance of the amendment.'" *Acosta-Mestre v. Hilton Int'l of P.R.*, 156 F.3d 49, 51 (1st Cir. 1998) (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)). Particularly disfavored are motions to amend whose timing prejudices the opposing party by requiring a re-opening of discovery with additional costs, a significant postponement of trial, and a likely major alteration in trial strategy and tactics. *Id.* at 52. Thus, when "a considerable period of time has passed between the filing of the complaint and the motion to amend, courts have placed the burden upon the movant to show some valid reason for his neglect and delay." *Nikitine*, 715 F.3d at 390-91 (citing *Hayes v. New Eng. Millwork Distribs., Inc.*, 602 F.2d 15, 19-20 (1st Cir. 1979)). In other words, the burden on a party seeking to amend a complaint becomes more exacting as a case progress. *Steir v. Girl Scouts of the USA*, 383 F.3d 7, 12 (1st Cir. 2004).

The Colmans submitted the proposed amended complaint (ECF No. 12-2) nineteen months after they filed their original complaint and one month after discovery was scheduled to conclude. Moreover, the Colmans submitted the proposed amended complaint over eleven months after discovery revealed the information on which the new factual allegations are based.

3

The First Circuit has found delays less substantial than this to be an adequate basis for denying leave to amend. *See, e.g., Nikitine*, 715 F.3d 388 (affirming denial of leave to amend a complaint where amended complaint was submitted nine months after the original); *Steir*, 383 F.3d 7 (affirming denial of leave to amend where moving party sought to add a new claim based on information obtained eight months earlier). This Court agrees that the Colmans' delay was excessive and warrants denial of leave to amend unless they can give a valid and sufficient reason for their delay. *See Nikitine*, 715 F.3d at 390-91.

This Court finds that the Colmans did not meet their burden because they provided no explanation for their delay. Rather than meet this burden, the Colmans assert that there is no prejudice to the Town Defendants caused by the delay because the Town Defendants knew or should have known the basis of the amendment from the beginning of the case. (ECF No. 12 at 1.) To substantiate their claim of no prejudice, the Colmans point to deposition testimony (ECF No. 12 at 9) and certain of their discovery requests (ECF No. 12 at 11) that arguably could relate to a Title IX claim. They also point to an alleged general awareness on the Town Defendants' part of a gender imbalance in the Portsmouth High School coaching staff. (ECF No. 12 at 9.)

After considering the position of both parties and the effects of the potential amendment on the litigation, this Court agrees with the Town Defendants that the timing of the proposed amendment unfairly prejudices them. Because the Title IX claim in the original complaint was so completely legally insufficient, the Town Defendants have not had fair notice of what that claim is or the grounds upon which it rests. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Although the Colmans insist that the Town Defendants were, in fact, on notice, this Court rejects their suggestion that a party can shift its responsibility for its own deficient pleadings to its opponent. *See Acosta-Mestre*, 156 F.3d at 52.

Additionally, the proposed amended complaint in many ways dramatically alters the main assertions contained in the original complaint, i.e., that Judy Colman was not hired as the girls' lacrosse coach at Portsmouth High School because of her sex in violation of state law. The essence of the proposed addition to the complaint is to set forth a very broad claim of Title IX sex discrimination at Portsmouth High School because the school discriminated against female athletes by systematically not providing female coaches for female teams. The proposed amended complaint therefore impermissibly adds a new cause of action and theory of relief almost entirely unrelated to the main thrust of the lawsuit. *See Nikitine*, 715 F.3d at 391; *Steir*, 383 F.3d at 12. The result of this proposed expansion of the litigation burdens the Town Defendants with the added expense and time commitment of conducting additional discovery and a delayed trial, potentially including different trial strategy and tactics. *See Acosta-Mestre*, 156 F.3d at 52. The Colmans' repeated assertion that they deserve the opportunity to try this new claim on the merits completely ignores their responsibility to assert the claim in their complaint on a timely basis or to provide the Court with an adequate reason for not having done so. *See id.* at 52-53.

**Conclusion**

For the reasons stated above, the Colmans' Motion for Leave to Amend (ECF No. 12) is DENIED.

IT IS SO ORDERED.

_____
John J. McConnell, Jr.
United States District Judge
July 21, 2014

5